FILED

FEB 12 2018

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GERALD W. CORDER,**

    Plaintiff,

v.

**ANTERO RESOURCES CORPORATION,**
a Delaware corporation; **ANTERO MIDSTREAM
PARTNERS LP**, a Delaware corporation; **ANTERO
RESOURCES PIPELINE LLC**, a Delaware corporation;
and **ANTERO RESOURCES INVESTMENT LLC**,
a Delaware corporation,

    **Defendants.**

Civil Action No. 1:18CV30
Hon. Keeley

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Antero Resources Corporation ("Antero") and Antero Midstream Partners LP ("Midstream Partners") hereby remove this civil action from the Circuit Court of Harrison County, West Virginia.[1] In support of this notice of removal, Defendants state that this Court has diversity jurisdiction over this action and plead as follows:

---

[1] Antero Resources Pipeline LLC ("Pipeline") and Antero Resources Investment LLC ("Investment") were also named as Defendants in the complaint. As discussed below, both entities have ceased to exist, and neither entity may be sued. Pipeline was a limited liability company that merged into Antero Resources Appalachian Corporation ("Appalachian") on March 6, 2013, with Appalachian being the surviving corporation. Thereafter, on June 10, 2013, Appalachian changed its name to Antero Resources Corporation. Investment was a limited liability company that dissolved and wound up its business, filing a certificate of cancellation with the Delaware Secretary of State pursuant to Delaware Code tit. 6 § 18-203 on October 31, 2017. Because they have ceased to exist and may not be sued, Pipeline and Investment do not need to join the notice of removal. To the extent, however, that their joinder is deemed necessary, they should be deemed to have joined.

## I. SUMMARY OF THE CASE

1. On December 6, 2017, Plaintiff Gerald W. Corder commenced this civil action against Defendants by filing a complaint in the Circuit Court of Harrison County, West Virginia, Civil Action No. 17-C-382-2. A copy of the complaint is attached hereto as Exhibit A.

2. The West Virginia Secretary of State accepted service of process on behalf of each Defendant on January 16, 2018. Thereafter, service of process was delivered to each Defendant. Copies of documents evidencing service of process are attached hereto as Exhibit B.

3. The four-count complaint contains claims for breach of contract (count I), violation of fiduciary duties (count II), misrepresentations (count III), and punitive damages (count IV) relating to Plaintiff's alleged ownership of oil and gas interests which were allegedly leased, assigned or otherwise acquired by and presently held by Antero in Harrison County and Doddridge County, West Virginia.

4. Plaintiff demands compensatory and punitive damages, an accounting for rents and royalties, other equitable and injunctive relief, pre- and post-judgment interest, attorneys' fees and costs.

## II. DIVERSITY JURISDICTION

5. As set forth below, this is a civil action of which the Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and is one that may be removed by Antero and Midstream Partners pursuant to 28 U.S.C. § 1441. With the exception of fraudulently joined and/or nominal parties and/or parties that have been merged into other surviving entities and/or dissolved and cancelled, the dispute is between citizens of different states. Furthermore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

A. **There Is Complete Diversity Between the Properly Joined Parties.**

6. Courts "must consider only 'real and substantial parties to the controversy' and must disregard the suit's 'nominal or formal parties.'" *Hughes v. Wells Fargo Bank, N.A.*, 617 Fed. App'x 261, 263–64 (4th Cir. 2015) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980)); *see also Heller v. Trienergy, Inc.*, 877 F. Supp. 2d 414, 424 (N.D. W. Va. 2012).

7. The doctrine of fraudulent joinder permits a district court to disregard the citizenship of and dismiss a non-diverse defendant where there is no possibility of establishing a cause of action against that defendant or there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *See Mayes v. Rapoport*, 198 F.3d 457, 461–64 (4th Cir. 1991); *Horne v. Lightning Energy Servs.*, 123 F. Supp. 3d 830, 836 (N.D. W. Va. 2015); *see also Heller*, 877 F. Supp. 2d at 426.

8. With respect to merged companies, it is the surviving entity's citizenship which is determinative for diversity. *See Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 548–49 (7th Cir. 1975) (when foreign entity merges into Delaware corporation, surviving corporation is citizen of Delaware); *PNC Bank, N.A. v. Gaskill*, No. 2:13cv00030, 2013 WL 5183032 (E.D.N.C. Sept. 12, 2013); *see also* 13F Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 3623 (citizenship of surviving entity is controlling; citizenship of predecessor company becomes irrelevant).

9. This Court has recognized that once a Delaware limited liability company has dissolved and filed its certificate of cancellation, it no longer exists and cannot be sued. *See Decker v. Statoil USA Onshore Props., Inc.*, No. 5:15cv114, 2015 WL 6159483, at *1 (N.D. W. Va. Oct. 20, 2015) (holding limited liability company could not be named as defendant because

3

it dissolved and filed certificate of cancellation under Delaware Code tit. 6 § 18-203 before plaintiffs filed action).

10. For purposes of diversity jurisdiction, an individual's citizenship is determined by his or her domicile. *See Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). A person's domicile is established by physical presence, coupled with "an intent to make the State a home." *Id.*

11. For purposes of diversity jurisdiction, the citizenship of a corporation is determined by (a) its place of incorporation and (b) its principal place of business. *See* 28 U.S.C. § 1332(c)(1). *See also Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011). A corporation's principal place of business is always its "nerve center." *Id.* at 104 (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010)).

12. With the exception of certain class actions, for purposes of diversity jurisdiction, the citizenship of a limited partnership or limited liability company is determined by the citizenship of its partners or members, regardless of the characterization of the partnership or membership. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120–21 (4th Cir. 2004). *See also Central W. Va. Energy Co.*, 636 F.3d at 103 (4th Cir. 2011).

13. Upon information and belief, now and at the time of commencement of this action, Plaintiff is an individual who is domiciled in the State of West Virginia and, therefore, Plaintiff is a citizen of West Virginia.

14. Now and at the time of commencement of this action, Antero is a Delaware corporation with its nerve center and principal place of business located in Denver, Colorado. Thus, Antero is a citizen of Delaware and Colorado.

15. Now and at the time of commencement of this action, Midstream Partners is a limited partnership at least one of whose partners may be a citizen of West Virginia.

16. To the extent that at least one of Midstream Partners may be a citizen of West Virginia, Midstream Partners is fraudulently joined and/or a nominal party. There is no possibility of Plaintiff establishing a cause of action for breach of contract, violation of fiduciary duties, or misrepresentation against Midstream Partners, and it is not a real and substantial Defendant because Antero is the only Defendant alleged to be a party to any of Plaintiff's leases, which is the basis for all claims. *See, e.g., Heller*, 877 F. Supp. 2d at 425; *4 Suns Ranch, LLC v. Buckeye Oil Prod. Co.*, No. 5:12cv110, 2014 WL 1017907, at *6–7 (N.D. W. Va. Mar. 17, 2014); *Koerber v. Wheeling Island Gaming, Inc.*, No. 5:12cv97, 2013 WL 162669, at *3–4 (N.D. W. Va. Jan. 15, 2013); *Fleming v. United Teacher Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 661–63 (S.D. W. Va. 2003). In addition, there is no possibility of Plaintiff establishing a cause of action for misrepresentation against Midstream Partners because the complaint does not allege any misrepresentation allegedly made by Midstream Partners or for which Midstream Partners could otherwise be held liable. *Davis v. EQT Prod. Co.*, No. 5:12cv52, 2012 WL 6111880, at *3–4 & n.4 (N.D. W. Va. Dec. 10, 2012); *May v. Nationstar Mortg., LLC*, No. 3:12cv43, 2012 WL 3028467, at *5–8 & n.1 (N.D. W. Va. Jul. 25, 2012).

17. As noted above, Pipeline was a limited liability company that merged into Appalachian, with Appalachian being the surviving Delaware corporation. A copy of the certificate of merger dated March 6, 2013, is attached hereto as Exhibit C. Plaintiff admits in the complaint that Appalachian changed its name to Antero in June 2013. Accordingly, the

citizenship of Antero is controlling for purpose of diversity of citizenship, and Pipeline is a citizen of Delaware and Colorado although is not a proper party to this action.

18. Investment was a limited liability company that has dissolved and wound up its business. Pursuant to Delaware Code tit. 6 § 18-203, Pipeline filed a certificate of cancellation with the Delaware Secretary of State on October 31, 2017. A copy of the certificate of cancellation dated October 31, 2017, is attached hereto as Exhibit D. Accordingly, Investment is not a proper party to this action because it filed a certificate of cancellation prior to the date Plaintiff filed the complaint.

19. Accordingly, there is a complete diversity in this civil action, as required by 28 U.S.C. § 1332.

### B. The Amount in Controversy Requirement Is Satisfied.

20. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

21. "When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *See Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 732 (N.D. W. Va. 2005).

22. In the context of a claim for declaratory judgment or injunctive relief, "the amount in controversy is measured by the value of the subject of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *accord JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). The Fourth Circuit has adopted the "either-viewpoint rule," where

6

the value of declaratory or injunctive relief sought is determined from the viewpoint of either party. *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002).

23. This Court has included good faith claims for punitive damages in the amount in controversy. *See, e.g., Heller*, 877 F. Supp. 2d at 428.

24. The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 555 (2014).

25. In this action, Plaintiff demands compensatory and punitive damages, an accounting for rents and royalties, other equitable and injunctive relief, pre- and post-judgment interest, attorneys' fees and costs.

26. Based on the above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, exceeding the jurisdictional limit under 28 U.S.C. § 1332.

27. Accordingly, federal diversity jurisdiction is established based on diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

28. This Court is the appropriate federal venue because Harrison County, West Virginia is located within the district's jurisdictional territory. *See* 28 U.S.C. § 129(b).

29. This notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after receipt by Defendants, through service or otherwise, of a copy of the initial pleading.

30. As required by 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will be given to Plaintiff and to the Clerk of the Circuit Court of Harrison County, West Virginia.

31. The Clerk of the Circuit Court of Harrison County, West Virginia will be requested to submit a certified copy of the entire state court record to this Court for filing.

32. No admission of law or fact is intended by the filing of this notice of removal, and all defenses, affirmative defenses, and motions are hereby preserved.

33. The right to supplement this notice of removal or to present additional arguments in support of entitlement to remove and in support of this Court's jurisdiction is hereby reserved.

WHEREFORE, Antero Resources Corporation and Antero Midstream Partners LP hereby remove this action from Circuit Court of Harrison County, West Virginia to the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 12th day of February 2018.

STEPTOE & JOHNSON PLLC
Of Counsel

/s/ Amy M. Smith
W. Henry Lawrence (WV State Bar #2156)
hank.lawrence@steptoe-johnson.com
Amy M. Smith (WV State Bar #6454)
amy.smith@steptoe-johnson.com
Shaina D. Massie (WV State Bar #13018)
shaina.massie@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

Attorneys for Defendants Antero Resources Corporation and Antero Midstream Partners LP

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February 2018, I electronically filed the foregoing "Notice of Removal" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following CM/ECF participants listed below:

>Marvin W. Masters, Esquire
>The Masters Law Firm, LC
>181 Summers Street
>Charleston, WV 25301
>mwm@themasterslawfirm.com

>/s/ *Amy M. Smith*