IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GERALD W. CORDER,**

    Plaintiff,

v.

**ANTERO RESOURCES CORPORATION,**
a Delaware corporation; **ANTERO MIDSTREAM
PARTNERS LP**, a Delaware corporation; **ANTERO
RESOURCES PIPELINE LLC**, a Delaware corporation;
and **ANTERO RESOURCES INVESTMENT LLC,**

    Defendants.

Civil Action No. 1:18-00030
Hon. Irene M. Keeley

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants Antero Resources Corporation ("Antero") and Antero Midstream Partners LP ("Midstream Partners") move this Court to dismiss the amended complaint (ECF No. 13) filed by Plaintiff Gerald W. Corder ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court should dismiss the amended complaint filed by Plaintiff because it does not correct the pleading deficiencies of the original complaint and fails to set forth any claim upon which relief may be granted. Although Plaintiff attached twenty-one instruments to the amended complaint, including leases, memoranda, and amendments that apply to various named individuals, Plaintiff still does not sufficiently allege Plaintiff's, Antero's, or Midstream Partners' connection to each and every lease, memorandum, or amendment or allege either Plaintiff's obligations or performance under these instruments. Most importantly, Plaintiff cannot prove that Antero breached any contractual provision. Additionally, Plaintiff fails to state a claim for violation of fiduciary duties because Antero and Midstream Partners do not owe Plaintiff any. Furthermore, Plaintiff fails to state a misrepresentation claim because it is not pled with the requisite particularity, and, even if it had been, the claim is derivative of the breach of

contract claim and barred by the gist of the action doctrine.  Finally, punitive damages are not a standalone claim under West Virginia law.  Therefore, the Court should dismiss the amended complaint and the entire action with prejudice.

A memorandum in support of this motion is submitted herewith.[1]

WHEREFORE, Defendants Antero Resources Corporation and Antero Midstream Partners LP respectfully request the Court to grant their motion to dismiss and to enter an order dismissing Plaintiff's amended complaint and the entire action with prejudice.

Respectfully submitted this 6th day of April 2018.

|  |  |
|---|---|
|  | /s/ *Amy M. Smith* |
|  | W. Henry Lawrence (WV State Bar #2156) |
|  | hank.lawrence@steptoe-johnson.com |
|  | Amy M. Smith (WV State Bar #6454) |
|  | amy.smith@steptoe-johnson.com |
|  | Shaina D. Massie (WV State Bar #13018) |
|  | shaina.massie@steptoe-johnson.com |
| STEPTOE & JOHNSON PLLC | 400 White Oaks Boulevard |
| Of Counsel | Bridgeport, WV  26330 |
|  | (304) 933-8000 |
|  |  |
|  | Attorneys for Defendants Antero Resources Corporation and Antero Midstream Partners LP |

---

[1] Antero Resources Pipeline LLC ("Pipeline") and Antero Resources Investment, LLC ("Investment") were also named as Defendants in the amended complaint.  As discussed in the Notice of Removal and memorandum in support of this motion, both entities have ceased to exist, and neither entity may be sued.  *See* ECF No. 1 at 1.  Accordingly, Pipeline and Investment do not need to join the motion to dismiss.  To the extent, however, that their joinder is deemed necessary, they should be deemed to have joined.  In addition, Midstream Partners should be dismissed because it was fraudulently joined.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April 2018, I electronically filed the foregoing "Defendants' Motion to Dismiss Amended Complaint" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following CM/ECF participants:

> Marvin W. Masters, Esquire
> The Masters Law Firm, LC
> 181 Summers Street
> Charleston, WV 25301
> mwm@themasterslawfirm.com

/s/ <em>Amy M. Smith</em>