EXHIBIT 3

1080   677

AGREEMENT, made and entered into the 29th day of June, 1979, by and between James D. Corder and Pearl T. Corder, his wife,

County of Harrison and state of West Va. part..LES.. of .................... P. O. hereinafter called Lessors, whether one or more, and Clarence W. Mutschellknaus party of the second part, hereinafter called Lessee.

WITNESSETH, that the said Lessors for and in consideration of the sum of One Dollars to them in hand well and truly paid by said Lessee, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of the said Lessee, to be paid, kept and performed, have granted, demised, leased and let by these presents do grant, demise, lease and let with covenants of quiet possession, and that they have the sole right to so to grant and demise, unto the said Lessee, its successors and assigns, for the purpose of mining and operating for oil and gas, and of building tanks, stations, power plants, water stations and structures thereon to take care of the said products, and of laying pipe lines on, over and across the leased premises and other lands of Lessors, for the purpose of conveying oil, gas, steam or water therein from and to wells and pipe lines on the premises and on adjoining and adjacent farms, and rights of way for road ways over this and other land of Lessors.

All that certain tract of land situate in Union District, Harrison County and State of West Va. on the waters of Little Tenmile Fork bounded as follows:

On the North by lands of Hartman L. Day and J. B. Day  
On the East by lands of G. W. Prichard and Anna Matthey  
On the South by lands of William M. Ward  
On the West by lands of J. M. Bailey  

Containing fifty and eighty-two hundredths (50.82) acres, more or less, being land purchased from J. D. Corder by deed dated 6/30/1960 recorded Deed Book 839 page 238 reserving, however, therefrom all lands within two hundred feet of the resident buildings now on the premises on which no well shall be drilled by either party except by mutual consent.

It is agreed that this lease shall remain in force for the term of SIX MONTHS from this date and as long thereafter as oil or gas, or either of them, is produced from the said lands by the said Lessee, its successors and assigns.

In Consideration of the Premises the said party of the second part, covenants and agrees: 1st—to deliver to the credit of the Lessors, their heirs or assigns, free of cost, in the pipe line to which Lessee may connect its wells, Their the equal one-eighth (⅛) part of all oil produced and saved from the leased premises; and second, to pay

one-eighth (⅛) of the value at the well of the gas from each and every gas well drilled on said premises, the product from which is marketed and used off the premises, said gas to be measured at a meter set on the farm.

The Lessee shall not be required in any event to increase the rate of said gas well payments or said royalty of oil by reason of any royalty or interest in said oil or gas that may have been heretofore sold, reserved or conveyed by Lessors or their predecessor in title or otherwise. And any such outstanding royalty or interest shall first be deducted from the royalties and rentals above provided to be paid or delivered.

It is agreed by the parties hereto that the Lessee, its successors or assigns, shall have the right to use off the farm for such purposes as it may desire, "Casing Head Gas," (being gas produced from wells on the premises), but if said "casing head gas" or any part thereof should be manufactured into gasoline or other by-products by said company, said Lessors shall receive one-eighth of the net value at the factory of the gasoline and other by-products so manufactured.

The Lessors may lay a line to any gas well drilled on said land and take gas therefrom free for their own use for heat and light in one dwelling house on said land, out of any surplus gas over and above what Lessee, its successors and assigns, may require to operate the farm and subject to the use, operation, pumping and right of abandonment of the well by Lessee, its successors and assigns; lessors are to provide and use economical appliance, and to use said gas at their own risk, subject to the reasonable rules and regulations of said Lessee, its successors and assigns, published at such time relating to such use of gas.

Lessee covenants and agrees to locate all wells so as to interfere as little as possible with the cultivated portion of the farm. And it is agreed that the leased premises may be fully and freely used by the Lessors for farming purposes, excepting such parts as are used by the Lessee in operating hereunder, and, further, that the said Lessee may drill or not drill on said land, as it may elect, and that the consideration and rentals paid and to be paid constitute adequate compensation for such privilege.

The said Lessee covenant and agrees to pay rental at the rate of One dollar per acre per annum Twenty five ($25.00) Dollars, quarterly in advance, beginning ................... months from this date, until, but not after, a well yielding royalty to the Lessors in drilled on the leased premises, and any rental paid for time beyond the date of completion of a gas well shall be credited upon the first royalty due upon the same and all rentals shall cease after the surrender of this lease as hereinafter provided for. All payments for delay, for gas produced and marketed, for gasoline and other by-products may be made direct to the lessors or be deposited to their credit, or to the credit of their heirs or assigns in the ....................
Bank of ....................
at Box 146 Bristol WVa or by check mailed to Mr James D Corder P. O. Rt 2, Box 322
State of ................... Lessee will pay lessor fifty 850.00 per month ...................
short in piping free gas for one .............
unlimited unrestricted free gas to be furnished 60 days of the well if completed. Drilling location to be selected by land owner, Water to be furnished where needed. Lines are to be buried 18 inches deep and not to be near this drive

It is agreed that the Lessee is to have the privilege of using free, sufficient water and gas from the said premises to run all machinery necessary for drilling and operating thereon at any time and to remove all machinery and fixtures placed on said premises; and further, upon the payment of one ($1.00) Dollar at any time, by the party of the second part, or by its successors and assigns it or they shall have the right to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine, and this lease becomes absolutely null and void.

Lessors agree that the recordation of a deed of surrender in the proper county, and the mailing in the postoffice of a check, payable as above provided, for said last mentioned sum and all amounts then due hereunder, shall be a full surrender and termination of this lease. All provisions of this lease shall be binding upon the heirs, executors, administrators, successors and assigns of the parties hereto.

In Witness Whereof, the parties of this agreement have hereunto set their hands and seals the day and year first, above written.

Witness: Prepared by Wayne Curry
this lease to be drilled by Robert Hamer
with first small oil and gas rig
this lease is not to be assigned
to another Company without
consent of Jessie D Corder

James D Corder (Seal)  
Pearl T Corder (Seal)  
................... (Seal)  
................... (Seal)  
................... (Seal)  
................... (Seal)  
................... (Seal)

1080  678

State of West Virginia, County of Harrison, to-wit:

I, J. Wayne Curry, of said County, do certify that Kathy Pettit [?] and Pearl I. Corder, Jerries [?] Corder his wife, whose names are signed to the writing above bearing date the 29th day of June, A. D. 1979, have this day acknowledged the same before me in my said county.

Given under my hand this 29th day of June, A. D. 1979.

J. Wayne Curry
Notary Public, Harrison County, W. Va.
My Commission expires May 21, 1989

---

State of West Virginia, County of _____ to-wit:

This instrument was presented to the Clerk of the County Commission of Harrison County, West Virginia, on 7-9-79 and the same is admitted to record.

Teste: Frank J. Maxwell [?], Clerk
Harrison County Commission

FILED JUL 30 PM '79
COUNTY CLERKS OFC
HARRISON CLERK
WEST VIRGINIA

---

State of West Virginia, County of _____ to-wit: