**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GERALD W. CORDER,**

    Plaintiff,

v.                                                                      Civil Action No. 1:18-CV-30
                                                                        Hon. Judge Irene M. Keeley

**ANTERO RESOURCES CORPORATION,**
a Delaware corporation,                              c/w 1:18CV31, 1:18CV32,
                                                                        1:18CV33, 1:18CV34, 1:18CV35,
    Defendant.                                           1:18CV36, 1:18CV37, 1:18CV38,
                                                                        1:18CV39, 1:18CV40 for purposes
                                                                        of discovery and setting schedule

**ANTERO RESOURCES CORPORATION'S MEMORANDUM IN SUPPORT
OF SECOND MOTION FOR LEAVE TO FILE CONFIDENTIAL SETTLEMENT
AGREEMENT AND RELEASE OF ALL CLAIMS UNDER SEAL**

**I.      INTRODUCTION**

Defendant Antero Resources Corporation ("Antero") submits this memorandum in support of its second motion for authorization to file a copy of a Confidential Settlement Agreement and Release of All Claims under seal as an exhibit to Antero's answer to the second amended complaint. The Court should grant this motion because the Confidential Settlement Agreement and Release of All Claims, which was entered into by Antero and Plaintiffs Gerald W. Corder, Randall N. Corder, Lorena Krafft, Cheryl Morris, Tracy Bridge, Angela Nicholson, Kevin McCall, and Brian McCall[1] is integral to the affirmative defenses in Antero's answer, including settlement and release, and the parties' interest in maintaining their agreed confidentiality heavily outweighs the public's interest in access. Therefore, permanently sealing the Confidential Settlement Agreement and Release of All Claims is the only way to serve these ends and to protect the interest of the parties thereto.

---

[1] Plaintiffs Marlyn C. Sigmon, Garnet C. Cottrill, Janet C. Packard, and Leroy Packard did not enter into the Confidential Settlement Agreement and Release of All Claims.

**II.     STATEMENT OF THE CASE**

On June 11, 2018, the Court entered its Memorandum Opinion and Order authorizing Plaintiffs to file their second amended complaints and granting in part and denying in part Antero's motions to dismiss. Second amended complaints were filed thereafter.

On June 13, 2018, the Court entered an Order consolidating these cases for discovery and scheduling.

On June 14, 2018, the Court entered a stipulation regarding the answer of the second amended complaint. In the stipulation, the parties agreed to extend the time for Antero to serve its answer to the second amended complaint to July 3, 2018. Antero's answer to the second amended complaint contains affirmative defenses, including settlement and release.

Antero intends to attach a Confidential Settlement Agreement and Release of All Claims, which was entered into by Antero and Plaintiffs Gerald W. Corder, Randall N. Corder, Lorena Krafft, Cheryl Morris, Tracy Bridge, Angela Nicholson, Kevin McCall, and Brian McCall in August of 2015, because it is integral to Antero's affirmative defenses. Without waiving confidentiality, Antero represents that the Confidential Settlement Agreement and Release of All Claims provides in relevant part as follows:

> 22.     The Parties agree that all aspects of this Agreement shall remain confidential unless disclosure is required by law or disclosure is made to financial professionals who have a need to know the terms of this Agreement and have been advised of their obligation to comply with the terms of this Agreement.
>
> 23.     . . . [A] breach of this confidentiality obligation may cause Antero irreparable damage incapable of measurement by any known or safe rule and for which money damages alone would be an insufficient remedy. . . . This confidentiality obligation is a material term of the Agreement; however, any breach of this confidentiality obligation shall not constitute a breach of this Agreement, which confidentiality obligation the Parties intend to be, and shall be, severable from the other terms of this Agreement.

### III. DISCUSSION

Local Rule of General Procedure 6.01 and Local Rule of Civil Procedure 26.05(b) authorize the filing of a motion for permission to file certain court documents under seal. "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). The common law right affords presumptive access to all judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Materials that fall within the common law right may be sealed if "countervailing interests heavily outweigh the public interests in access," and "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Stone*, 855 F.2d at 180). Specifically, the First Amendment applies in limited circumstances only, such as plea and sentencing hearings. *Rushford*, 846 F.2d at 253.

"It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Established exceptions to the presumption of public access include private confidential settlement agreements. *Cf. Hargrove v. Ryla Teleservices, Inc.*, No. 2:11-cv-344, 2013 WL 1897027, at *8 (E.D. Va. Apr. 12, 2013) (recognizing that "parties are typically permitted to enter into confidential settlement agreements" and that "such agreements are private contracts

not filed with the court or made a part of the public record"); *see also* Bruce A. Ericson, *Private Confidentiality Agreements*, 4 Bus. & Com. Litig. Fed. Cts. § 35:98 (4th ed. Nov. 2017 Update) ("Absent a showing of compelling need, a purely private agreement among the parties to keep the terms of the settlement and their own records confidential will be enforced.").

In this case, the Confidential Settlement Agreement and Release of All Claims is critical to Antero's affirmative defense that certain Plaintiffs are barred from bringing breach of contract claims against Antero based on the doctrines of settlement and release. Antero bears the burden of proof on this issue. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (noting that "the burden of establishing the affirmative defense rests on the defendant"). Sealing the Confidential Settlement Agreement and Release of All Claims is necessary to allow Antero to pursue this affirmative defense. Moreover, sealing the Confidential Settlement Agreement and Release of All Claims is necessary in order to protect the identities of parties thereto who are not Plaintiffs in the present litigation. Finally, other alternatives are inadequate to protect the confidential nature of the Confidential Settlement Agreement and Release of All Claims.[2]

Furthermore, the parties' interest in maintaining the confidential nature of the Confidential Settlement Agreement and Release of All Claims heavily outweighs the public's interest in access, given the purely private nature of the agreement. In addition, if unsealed, the Confidential Settlement Agreement and Release of All Claims could quickly become a vehicle for improper purposes to be used against all parties thereto, which undermines the public policy goals that encourage settlement. Accordingly, permanently sealing the un-redacted portions of the Confidential Settlement Agreement and Release of All Claims is the only way to serve these ends.

---

[2] Redaction alone does not eliminate concerns regarding the complete confidentiality of un-redacted portions of the Settlement Agreement. *Cf. Mey v. Honeywell Int'l, Inc.*, No. 2:12-cv-1721, 2013 WL 5150445, at *1 n.1 (S.D. W. Va. Sept. 13, 2013) (directing the parties to redact additional information and provide a revised motion to seal).

**IV.     CONCLUSION**

For the foregoing reasons, Antero Resources Corporation respectfully requests that this Court to grant its second motion and enter an Order authorizing the filing of the Confidential Settlement Agreement and Release of All Claims under seal as an exhibit to the answer to the second amended complaint.

Respectfully submitted this 2nd day of August 2018.

>/s/ Amy M. Smith
>W. Henry Lawrence (WV Bar #2156)
>hank.lawrence@steptoe-johnson.com
>Amy M. Smith (WV Bar #6454)
>amy.smith@steptoe-johnson.com
>Shaina D. Massie (WV Bar #13018)
>shaina.massie@steptoe-johnson.com
>Steptoe & Johnson PLLC
>400 White Oaks Boulevard
>Bridgeport, WV  26330
>(304) 933-8000
>
>Counsel for Antero Resources Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of August 2018, I electronically filed the foregoing *"Memorandum in Support of Antero Resources Corporation's Second Motion for Leave to File Confidential Settlement Agreement and Release of All Claims under Seal"* with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following CM/ECF participants:

> Marvin W. Masters, Esquire
> April D. Ferrebee, Esquire
> The Masters Law Firm, LC
> 181 Summers Street
> Charleston, WV 25301

*/s/  Amy M. Smith*