IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERALD CORDER,

    Plaintiff,

v.                                                      Civil Action No. 1:18-CV-30
                                                    Hon. Judge Irene Keeley

ANTERO RESOURCES CORPORATION,
a Delaware corporation,                   c/w 1:18CV31, 1:18CV32,
                                                      1:18CV32, 1:18CV32, 1:18CV32,
                                                      1:18CV32, 1:18CV32, 1:18CV32,
                                                      1:18CV32, 1:18CV32, for purposes of
                                                      discovery and setting schedule

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs, by counsel, respectfully move this Honorable Court for entry of an order pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure granting Plaintiffs leave to file an amended complaint and accepting and filing the proposed Third Amended Complaint attached as **Exhibit 1**. Plaintiffs' Motion for Leave to File Amended Complaint is filed in the lead case, pursuant to Order Consolidating Cases for Discovery and Setting Schedule, dated June 13, 2018 (ECF 32). The Motion for Leave to File Amended Complaint and Third Amended Complaint applies to all cases pending before the Court in the Motion for Summary Judgement pending the Court's ruling on the matter.

Rule 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires." "The federal policy of liberality in permitting amendments to pleadings, as embodied in [Fed.R.Civ. P. 15], is self-evident." *Davenport v. Ralph N. Peters & Co.,* 386 F.2d 199, 204 (4th Cir. 1967).

> [T]he general rule is that leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be freely given, *see Forman v. Davis,* 371 U.S. 178, 182 (1962), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted).

1

*Steinburg v. Chesterfield County Planning Com'n,* 527 F.3d 377, 390 (4th Cir. 2008). "It is this Circuit's policy to liberally allow amendment in keeping with the spirit of [Fed.R.Civ.P.] 15(a)." *Galustain v. Peter*, 591 F.3d 724m 729 (4th Cir. 2010) (*citing Coral v. Gonse,* 330 F.2d 997, 998 (4th Cir. 1964)). "In fact, such leave 'should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Franks v. Ross,* 313 F.3d 184, 193 (4th Cir.2002) (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir.1999) (emphasis in original)). Leave to amend a pleading should be granted unless prejudice, bad faith or futility is shown. *See, e.g., IGEN Int'l, Inc. v. Roche Diagnostics GmbH,* 335 F.3d 303, 311 (4th Cir.2003); *Franks,* 313 F.3d at 193; *see also Arbaugh v. Bd. of Educ., Cty. of Pendleton*, 329 F. Supp. 2d 762, 766–67 (N.D.W. Va. 2004).

The proposed amended complaint does not prejudice Defendant because it would simply "add specificity to allegations in a situation where defendant is aware of the circumstances giving rise to the action." *Matrix Capital management Fund, LP v. BearingPoint, Inc.,* 576 F.3d 172, 195 (4th Cir. 2009) (*citing Edwards v. City of Goldsboro,* 178 F.3d 231,243 (4th Cir. 1999) (noting that merely adding specificity to allegations generally does not cause prejudice to the opposing party); *Davis v. Aircraft Corp., 615 F.2d 606, 613 (4th Cir.* 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case.")) (additional citation omitted).

This Court previously determined that Plaintiffs adequately pled a breach of the Market Enhancement (Gross Proceeds) Clause in Plaintiffs' Second Amended Complaint. ECF No. 29, at pp. 20-21. Plaintiffs proposed amended complaint would add specificity to their allegations and

clarify that the Settlement Agreement and Release and Market Enhancement Clause were a part of the same agreement.

Due to the strict confidentiality clause, the Plaintiffs did not disclose the Settlement Agreement to their counsel. Plaintiffs' counsel discovered the Settlement Agreement when Defendant filed it with its answer as a defense and after filed its motion for judgement on the pleadings. Defendant made it an exhibit to its answer and then Defendant filed it under seal. [1] Therefore, Plaintiffs' counsel did not allege or disclose the Settlement Agreement in its Amended Complaints. The Agreement forbid its disclosure unless disclosure was required by law or to a financial professional on a need-to-know basis. Settlement Agreement, pp. 7-8 at ¶ 22-23. The Settlement Agreement also provided that a breach of the Agreement would or could cause Defendant "irreparable damage incapable of measurement by any known or safe rule and for which money damages alone would be an insufficient remedy." It also permitted Defendant to resort to and invoke any available remedy at law or in equity and it provided for liquidated damages for disclosure of the Agreement.

Defendant attached this Agreement to their pleadings after Plaintiffs filed their Second Amended Complaint. The Enhancement Clause and the Agreement were a part of the same contract and Defendant was aware that the Clause was a part of, and was made an exhibit to, the Agreement. Further, Defendant, introduced the Agreement into evidence when Plaintiffs' counsel was not even aware of its existence due to its confidential nature. Accordingly, there was no bad faith in Plaintiffs' not specifically alleging a breach of the Agreement in their Second Amended Complaint. Furthermore, both Parties have addressed issues relating to the Agreement and the Clause throughout the discovery process and litigation of this case. The proposed amendment of

---

[1] The Defendant attached the Agreement to its answer as Exhibit C, filed under seal, and it is part of the record in this case.

3

Plaintiffs' complaint will not create new issues or facts in this case that were not litigated, discussed and that the Court has not been aware of since it reviewed the Settlement Agreement and ruled in Antero's favor on part of it.

Here, like in *Arbaugh*, there is no evidence of prejudice, bad faith or futility. The Plaintiffs' complaint notified the Defendant that breach of contract was one of the legal grounds for their case. The Defendant attached a copy of the Settlement Agreement to its Answer, making it a part of the pleadings in the case, and the proposed amendment simply adds specificity to what has been alleged in the pleadings. Thus, the amendment neither requires additional discovery nor constitutes a dilatory tactic that could alter or delay the course of the litigation.

Additionally, an amendment would not be futile and would serve the ends of justice as required by Rule 15.  This Court has already ordered that Plaintiffs sufficiently pled their claim for breach of the market enhancement provision.  An amendment of Plaintiffs' claim would justly allow this case to proceed on its merits.

Moreover, Defendant, in opposing Plaintiffs' motion for summary judgment, cites several cases to support its position that Plaintiffs may not now amend their complaint. (ECF No. 180, at 5).  These cases do not support Defendant's position.  In *Miller v. Jack,* 1:06CV64, 2007 WL 2050409, at *4 (N.D.W.Va. Jan. 21, 2007) *aff'd,* 261 F. App'x 540 (4th Cir. 2008) the plaintiff raised new claims for the first time in his pleadings: "Moreover, he raised these claims for the first time in his response to the defendants' summary judgment motion. Significantly, a plaintiff may not amend his complaint through arguments in his brief in opposition to summary judgment." Neither *Miller,* nor the cases cited within it support Defendant's position.  In *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)*,* the court recognized that the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with

Fed.R.Civ.P. 15(a), rather than merely asserting it in a brief opposing summary judgment. In *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002), the plaintiff argued a claim for the first time on appeal. The claim was not raised in the complaint before the trial court and was only argued in its motion for summary judgment, and the plaintiff had not sought to amend the complaint. In *Church v. Maryland,* 180 F. Supp. 2d 708, 732 (D. Md.), *aff'd,* 53 F. App'x 673 (4th Cir. 2002), the plaintiff raised new facts and issues in the plaintiff's response to the summary judgment motion. In *Marten v. Yellow Freight Sys., Inc.,* 993 F. Supp. 822, 829 (D. Kan. 1998), the plaintiffs waited until its summary judgment response to bring into evidence new statements by the defendant's agent that constituted defamation. In addition, *Stanton v. Elliott*, No. 2:19-CV-49, 2021 WL 217610, at *7 (N.D.W. Va. Jan. 21, 2021), provided that the language in the plaintiff's complaint was insufficient to properly plead a cognizable cause of action under the Wrongful Death Act. Finally, *Marcus v. Holley*, 217 W. Va. 508, 518, 618 S.E.2d 517, 527 (2005), simply provided that a brief in response to a motion for summary judgment cannot amend a complaint. Plaintiffs here are properly requesting leave to amend their complaint.

## Conclusion

In light of the settled precedent liberally applying the dictate of Federal Rule of Civil Procedure 15(a)(2) that "[t]he court should freely give leave when justice so requires," Plaintiffs respectfully that this Honorable Court enter an order granting Plaintiffs leave to file the amended complaint and accepting and filing of the proposed Third Amended Complaint accompanying this Motion.

**GERALD W. CORDER, et al.,**
**By Counsel**

*/s/ Marvin W. Masters*
Marvin W. Masters (WV Bar No. 2359)

April D. Ferrebee (WV Bar No. 8034)
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia 25301
(304)342-3106
Counsel for Plaintiffs
F:\5\1025\mo052.docx

**CERTIFICATE OF SERVICE**

      I, Marvin W. Masters, hereby certify that on February 25, 2021, I electronically filed "Plaintiffs' Motion for Leave to File Amended Complaint" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

> W. Henry Lawrence
> West Virginia State Bar No. 2156
> Amy M. Smith
> West Virginia State Bar No. 6454
> Shaina D. Massie
> West Virginia State Bar No. 13018
> Steptoe & Johnson PLLC
> 400 White Oaks Boulevard
> Bridgeport, West Virginia  26330
> hank.lawrence@steptoe-johnson.com
> amy.smith@steptoe-johnson.com
> shaina.massie@steptoe-johnson.com
> *Counsel for Defendants*

                                      /s/ *Marvin W. Masters*
                                      West Virginia State Bar No. 2359