EXHIBIT 1

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

TRACY BRIDGE, GERALD W. CORDER,
RANDALL N. CORDER, GARNET C. COTTRILL,
LORENA KRAFFT, BRIAN M. MCCALL,
KEVIN P. MCCALL, CHERYL MORRIS,
ANGELA M. NICHOLSON, JANET C. PACKARD,
MARLYN C. SIGMON, and KIM SMITH,

   Plaintiffs,

v.                 Civil Action No. 14-C-104-3
                    (Judge James A. Matish)

ROGER M. CORDER,

   Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. Introduction

This case arises out of a dispute between six siblings and their brother regarding ownership of oil and gas interests underlying land they received as part of their father's estate. The plaintiffs contend that there was an agreement among all of them to convey the surface rights of the inherited properties to three of the brothers while reserving equal interests in the oil and gas underlying the properties. The defendant contends that there was no such agreement, and that the parties only agreed to share royalties from four existing wells on the property. Following discovery, both the Plaintiffs and the Defendant moved this Court for summary judgment. The Court, having now considered the memoranda filed on behalf of the parties by their counsel, the arguments of counsel, and the depositions and exhibits on record in the current matter now makes the following findings of undisputed facts and conclusions of law

1

## II. Findings of Fact

1. On October 31, 1987, James I. Corder died intestate in Harrison County, West Virginia.

2. Mr. Corder was survived by his children, Marlyn C. Sigmon, Maxine C. Krafft, Garnet C. Cottrill, Randall N. Corder, Roger M. Corder, Janet C. Packard, and Gerald W. Corder.

3. On September 5, 1989, the parties executed three deeds ("subject deeds") conveying interests in certain tracts of real property to three of the brothers, Gerald W. Corder; Randall N. Corder; and Roger M. Corder, individually.

4. None of the three subject deeds included reservations for any interest in oil and gas underlying the tracts conveyed.

5. Subsequent to the execution of the subject deeds, on or about August 16, 1991, the parties executed "Separation of Interest" ("SI") forms for oil and gas interests underlying several properties including the properties conveyed in the subject deeds.

6. The separation of interests was completed on April 22 and 23, 1992.

7. Since the separation of interest, the parties have each paid one-seventh of the property taxes on the oil and gas interests in those properties, including the properties conveyed by the subject deeds.

8. At least one of the tracts conveyed to the Defendant in the subject deeds and later subject to a SI form was not producing at the time the subject deeds were executed.

9. By assignments effective in September 2008 and April 2010, Antero Resources Corporation ("Antero") acquired rights under leases executed by James I. Corder and his wife, Pearl Corder in 1979 and 1981.

10. Those assignments granted Antero the right to explore for and produce oil and gas from the Marcellus Shale, but did not provide for pooling of the leaseholds.

11. Based on the subject deeds, Antero believed that each brother owned an undivided interest in the oil and gas underlying their properties, and asked them to modify the lease to allow pooling.

12. Upon learning about the deficiency of the subject deeds, the parties discussed executing corrective deeds reflecting an agreement to reserve equal, undivided interests in the oil and gas underlying the properties conveyed by the subject deeds.

13. Subsequent to these discussions, the Defendant, Roger M. Corder, advised his siblings that he would not execute corrective deeds, and that he did not believe there was an agreement to reserve the oil and gas interest from the conveyance in the subject deeds.

14. The Plaintiffs then filed their complaint in this action seeking reformation of the deeds to reflect their purported agreement.

### III. Conclusions of Law

A. <u>Standard of Review</u>

1. "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Syllabus Point 3, <u>Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York</u>, 133 S.E.2d 770 (W. Va. 1963).

2. "The Circuit Court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. Pt. 3, <u>Painter v. Peavy</u>, 451 S.E.2d 755 (W. Va. 1994).

3

3. "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W. Va. R. Civ. P. 56.

4. "[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence,' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S. Ct. 2505 (1986)).

B. Standard to Reform a Deed Due to Mistake

1. "'The jurisdiction of equity to reform written instruments, where there is a mutual mistake, or mistake on one side and fraud or inequitable conduct on the other, if the evidence be sufficiently cogent to thoroughly satisfy the mind of the court, is fully established and undoubted.'" Syllabus Point 3, *Terra Firma Co. v. Morgan*, 223 W. Va. 329, 674 S.E.2d 190 (2008) (quoting Syllabus Point 2, *Nutter v. Brown*, 51 W.Va. 598, 42 S.E. 661 (1902)).

2. "A court of equity will not reform a deed because of alleged mutual mistake therein, unless it is shown by clear, convincing, and unequivocal evidence that a mutual mistake was made." *Id.* at Syl. Pt. 4 (quoting Syllabus Point 1, *Donato v. Kimmins*, 104 W.Va. 200, 139 S.E. 714 (1927)).

C. Mistake of Fact vs. Mistake of Law

1. "As a general rule, one who enters into a contract or performs some act while laboring under a mistake of material fact is entitled to have the transaction or the act set aside in a court of equity; however, an individual should not be permitted to avoid obligations he undertook while

laboring under a mistake of law." Syllabus Point 1, *Webb v. Webb*, 171 W. Va. 614, 301 S.E.2d 570 (1983).

2. "A mistake of fact consists of an unconscious ignorance or forgetfulness of a material fact, past or present, or of a mistaken belief in the past or present existence of a material fact which did not or does not actually exist. *Id.* at Syl. Pt. 2. A mistake of law, on the other hand, consists of a mistaken opinion or inference arising from an imperfect exercise of judgment upon the facts as they really are and occurs when a person, having full knowledge of the facts, is ignorant of or comes to an erroneous conclusion as to the legal effect of his acts." *Id.*

3. "The determination of whether an error underlying the execution of a written instrument constitutes a mistake of fact or a mistake of law for purposes of setting aside that instrument should be controlled by the circumstances of each case." *Id.* at Syl. Pt. 3.

4. "[I]t is generally recognized that a mistake as to the legal effect of a contract, though a mistake of law, will be treated as a mistake of fact where the mistake is mutual, or common to all parties to the transaction, and results in a written instrument which does not embody the "bargained-for" agreement of the parties." *Id.* at 575 n.5 (citing *Virginia Iron, Coal & Coke Co. v. Graham*, 124 Va. 692, 98 S.E. 659 (1919); *Melott v. West*, 76 W. Va. 739, 86 S.E. 759 (1915); *Biggs v. Bailey*, 49 W. Va. 188, 38 S.E. 499 (1901); *Jarrell v. Jarrell*, 27 W. Va. 43 (1886)).

### IV. Analysis

This case turns on whether a mutual mistake existed between the parties as they administered their father's estate in the late 1980s and early 1990s, warranting reformation of the subject deeds executed on September 5, 1989. The plaintiffs assert that the subject deeds do not reflect the agreement of the parties to reserve the oil and gas interests in common ownership. The defendant counters that the agreement was only to share royalties from four existing wells on the

5

property, and that the plaintiffs have not presented evidence sufficient to meet the burden of proof required to reform the unambiguous subject deeds.

Based on the evidence presented through discovery and the undisputed facts the Court concludes that the plaintiffs have met the requisite burden of proof and the Plaintiffs' Motion for Summary Judgment is hereby **GRANTED**.

The most compelling evidence of the agreement the plaintiffs assert are the Separation of Interest ("SI") forms executed by the parties shortly after the subject deeds were executed, and the fact that all parties have paid an equal share of the taxes assessed on the oil and gas interests at issue since the SI forms were executed. These acts, which included the Defendant, demonstrate clearly that the parties intended to maintain common ownership of the oil and gas interests. On the other hand, the only evidence presented by the Defendant to support his position is his own testimony.

Since the SI forms were executed, the parties have each paid one seventh of the taxes assessed on these oil and gas interests. Despite his contention that he owned the oil and gas interest underlying his property alone, the Defendant allowed his siblings to share the tax burden on these properties. Furthermore, the Defendant paid one seventh of the taxes on the oil and gas interests underlying his brothers' properties. These actions are utterly inconsistent with the notion that the Defendant believed he and his brothers took title to those interests free from their other siblings. The first time the Defendant raised the issue of ownership was after Antero approached him to modify the leases.

Based on these facts it is clear that the subject deeds do not reflect the bargained-for agreement of the parties: to transfer surface ownership of the properties to the three brothers while maintaining common ownership of the oil and gas interests. The actions of the parties

subsequent to the execution of the subject deeds provide clear and convincing evidence that this was in fact the intention of the parties. The assertions of the Defendant, when compared with his own actions, cannot refute this evidence. The Defendant's testimony represents only a "mere 'scintilla of evidence'" against the clear and convincing documentary evidence presented by the Plaintiffs.

Further eroding support for the Defendant's contention that any agreement was only to share royalties from existing wells is the fact that the siblings jointly paid taxes on oil and gas interests that were not producing. The 1989 deed executed between the Defendant and his siblings transferred a 104.75 acre tract with two wells and a contiguous 6.5 acre tract with no wells to the Defendant. SI forms were executed for both the 104.75 acre tract and the 6.5 acre tract. If the agreement was truly only to share royalties from existing wells, why would the siblings agree to pay a share of taxes for oil and gas interests which were not, at that time, producing any royalties. Such actions defy logic and reason, and simply do not comport with the Defendant's contentions.

### V. Ruling

For the foregoing reasons, the Court hereby concludes that a mutual mistake existed between the parties when they executed the subject deeds. Whether that mistake was a mistake of fact or a mistake of law is of no consequence because the subject deeds are contracts that do not embody the bargained-for agreement of the parties when they were executed, and are thus subject to reformation even under a mistake of law.

The Plaintiffs' Motion for Summary Judgment is hereby **GRANTED,** and the Defendant's Motion for Summary Judgment is hereby **DENIED**. It is hereby **ORDERED** that

the subject deeds be reformed to reflect the intent of the parties to share ownership of the oil and gas interests underlying the property conveyed in said deeds.

In the event that the Defendant refuses to execute said deeds within 30 days, then Plaintiffs' counsel, William J. Leon, is hereby **ORDERED** to be appointed as special commissioner to execute said deeds on behalf of the Defendant, unless a stay of execution is issued.

Pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure, the Court hereby **FINDS** that there is no just reason for delay and this Order shall constitute a Final Order as determined on this date. The Defendant's time for filing a notice of appeal will begin to run from the date of the entry of this Order.

It is **FURTHER ORDERED** that the Clerk of this Court shall provide a certified copy of this Order to the following persons and remove this case from the active docket of this Court:

Wendy G. Adkins
Jackson Kelly, PLLC
150 Clay Street, Suite 500
P.O. Box 619
Morgantown, WV 26507

William J. Leon
William J. Leon, LC
1200 Dorsey Ave., Suite II
Morgantown, WV 26501

Kenneth E. Tawney
Jackson Kelly, PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322

ENTER: 11/03/2015

James A. Matish, Circuit Court Judge

8

STATE OF WEST VIRGINIA
COUNTY OF HARRISON, TO-WIT

I, Donald L. Kopp II, Clerk of the Fifteenth Judicial Circuit and the 18th Family Court Circuit of Harrison County, West Virginia, hereby certify the foregoing to be a true copy of the ORDER entered in the above styled action on the __3__ day of **November**, **2015**.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the Seal of the Court this __3__ day of **November**, 20**15**.

*Donald L. Kopp II*
Fifteenth Judicial Circuit & 18th Family Court
Circuit Clerk
Harrison County, West Virginia