1082  656

AGREEMENT, made and entered into the 29th day of June 1979 by and between James F. Corder and Pearl T. Corder, his wife, Maggie V. Corder, Widow

_____ of _____ P. O. _____ County of Harrison and State of West Va., parties of the first part, hereinafter called Lessors, whether one or more, and Clarence W. Mutchelknaus party of the second part, hereinafter called Lessee.

WITNESSETH, that the said Lessors for and in consideration of the sum of One Dollars to them in hand well and truly paid by said Lessee the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of the said Lessee, to be paid, kept and performed, have granted, demised, leased and let and by these presents do grant, demise, lease and let with covenants of quiet possession, and that they have the sole right so to grant and demise, unto the said Lessee, its successors and assigns, for the purpose of mining and operating for oil and gas, and of building tanks, stations, power plants, water stations and structures thereon to take care of the said products, and of laying pipe lines on, over and across the leased premises and other lands of Lessors, for the purpose of conveying oil, gas, steam or water therein from and to wells and pipe lines on the premises and on adjoining and adjacent farms, and rights of way for road ways over this and other land of Lessors.

All that certain tract of land, situated in Union District Harrison County and State of West Va. on the waters of Tenmile Fork bounded as follows:
On the North by lands of Waitman L. Day and J. B. Day.
On the East by lands of G. W. Birchard and Anna Matthey.
On the South by lands of William N. Ward, heirs
On the West by lands of J. M. Bailey

Containing Fifty four and eighteen hundredths (54.18) acres, more or less, being land purchased from Lisha P. Corder by deed dated 7/17/1919 recorded Deed Book 297 page 78 reserving, however, therefrom all lands within two hundred feet of the resident buildings now on the premises on which no well shall be drilled by either party except by mutual consent.     ONE YEAR.

It is agreed that this lease shall remain in force for the term of ten years from this date and as long thereafter as oil or gas, or either of them, is produced from the said lands by the said Lessee, its successors and assigns.

In Consideration of the Premises the said party of the second part, covenants and agrees:   1st—to deliver to the credit of the Lessors, their heirs or assigns, free of cost, in the pipe line to which Lessee may connect its wells, _____

_____ Thus _____ the equal one-eighth (⅛) part of all oil produced and saved from the leased premises; and second, to pay _____

one-eighth (⅛) of the value at the well of the gas from each and every gas well drilled on said premises, the product from which is marketed and used off the premises, said gas to be measured at a meter set on the farm.

The Lessee shall not be required in any event to increase its said gas well payments or said royalty of oil by reason of any royalty or interest in said oil or gas that may have been heretofore sold, reserved or conveyed by Lessors or their predecessor in title or otherwise. And any such outstanding royalty or interest shall first be deducted from the royalties and rentals above provided to be paid or delivered.

It is agreed by the parties hereto that the Lessee, its successors or assigns, shall have the right to use off the farm for such purposes as it may desire, "Casing Head Gas," (being gas produced from wells on the premises), but if said "casing head gas" or any part thereof should be manufactured into gasoline or other by-products by said company, said Lessors shall receive one-eighth of the net value at the factory of the gasoline and other by-products so manufactured.

The Lessors may lay a line to any gas well drilled on said land and take gas therefrom free for their own use for heat and light in one dwelling house on said land, out of any surplus gas over and above what Lessee, its successors and assigns, may require to operate the farm and subject to the use, operation, pumping and right of abandonment of the well by Lessee, its successors and assigns; lessors are to provide and use economical appliances, and to use said gas at their own risk, subject to the reasonable rules and regulations of said Lessee, its successors and assigns, published at such time relating to such use of gas.

Lessee covenants and agrees to locate all wells so as to interfere as little as possible with the cultivated portion of the farm. And it is agreed that the leased premises may be fully and freely used by the Lessors for farming purposes, excepting such parts as are used by the Lessee in operating hereunder, and, further, that the said Lessee may drill or not drill on said land, as it may elect, and that the consideration and rentals paid and to be paid constitute adequate compensation for such privilege.

The said Lessee covenant and agrees to pay rental at the rate of one dollar per acre per year. Twenty seven dollars ($27.00) Dollars, quarterly in advance, beginning when but not after, a well yielding royalty to the Lessors is _____ months from this date, until, but not after, a well yielding royalty to the Lessors in drilled on the leased premises, and any rental paid for time beyond the date of completion of a gas well shall be credited upon the first royalty due upon the same and all rentals shall cease after the surrender of this lease as hereinafter provided for. All payments for delay, for gas produced and marketed, for gasoline and other by-products may be made direct to the lessors or be deposited to their credit, or to the credit of their heirs or assigns in the _____

Bank of _____ or by check mailed to Mr. James F. Corder

at Box 146 Bristol, WVa. Rt. 2    P.O. 26332 _____ County _____ State of _____ will receive fifty dollars per month in the event the well is shut in. Payee free of cost for a dwelling and other buildings, unlimited and unrestricted. Free gas to be connection in 60 days. Drilling location to be selected on land by Lessee. Water to be furnished by Company where expected. Trees to be fenced, Bushes deep and not to be an eyesore. The lease to be drilled in _____

It is agreed that the Lessee is to have the privilege of using free, sufficient water and gas from the said premises to run all machinery necessary for drilling and operating thereon at any time, to remove all machinery and fixtures placed on said premises; and further, upon the payment of one ($1.00) Dollar at any time, by the party of the second part, or by its successors and assigns it or they shall have the right to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms

Corder v. Antero

the right to surrender this lease for cancellation, after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine, and this lease becomes absolutely null and void.

Lessors agree that the recordation of a deed of surrender in the proper county, and the mailing in the postoffice of a check, payable as above provided, for said last mentioned sum and all amounts then due hereunder, shall be a full surrender and termination of this lease.

All provisions of this lease shall be binding upon the heirs, executors, administrators, successors and assigns of the parties hereto.

In Witness Whereof, the parties of this agreement have hereunto set their hands and seals the day and year first above written.

Witness:

This lease not to be assigned to any other company without the consent of James J. Corder the surface owner.

James J. Corder (Seal)
Pearl J. Corder (Seal)
Maggie V. Corder (Seal)
_____ (Seal)
_____ (Seal)
_____ (Seal)
_____ (Seal)

4/23/79
Grantee
Grantors

13

1082  657

State of West Virginia, County of Harrison, to-wit:

I, J. Wayne Cussey, a Notary Public of said County of Harrison, do certify that James J. Corder and Pearl T. Corder his wife, whose names are signed to the writing above bearing date the 29th day of June A. D. 19 79 have this day acknowledged the same before me in my said county.

Given under my hand this 29th day of June A. D. 19 79.

Notary Public, Harrison County, W. Va.
My Commission expires May 21, 1979

State of West Virginia, County of Harrison, to-wit:

I, J. Wayne Cussey, a Notary Public of said County of Harrison, do certify that Maggie V. Corder a widow his wife, whose name is signed to the writing above bearing date the 29th day of June A. D. 19 79 has this day acknowledged the same before me in my said county.

Given under my hand this 29th day of June A. D. 19 79.

Notary Public, Harrison County, W. Va.
My Commission expires May 21, 1979

State of West Virginia, County of _____ to-wit:

I, _____ of said County of _____ do certify that _____ and _____ his wife, whose name _____ signed to the writing above bearing date the _____ day of _____ A. D. 19 _____ ha _____ this day acknowledged the same before me in my said county. _____ A. D. 19 _____

Corder v. Antero

in my said county.
Given under my hand this _____ AUG 22 COUNTY CLERK _____ day of _____ A. D. 19_____

Notary Public _____ County, W. Va.
My Commission expires _____

For and in consideration of the sum of One Doll__

This instrument was presented to the Clerk of the County Commission of Harrison County West Virginia, on and the same is admitted 8-22-79 to record.

Teste: _Frank J. _____  CLERK
Harrison County Commission

Corder v. Antero