IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERALD W. CORDER, *et vir.*

                Plaintiffs,

v.

ANTERO RESOURCES CORPORATION,
a Delaware corporation,

                Defendant.

Civil Action No. 1:18-CV-30
Hon. Judge Thomas L. Kleeh

c/w 1:18CV31, 1:18CV32,
1:18CV32, 1:18CV32, 1:18CV32,
1:18CV32, 1:18CV32, 1:18CV32,
1:18CV32, 1:18CV32, for purposes
of discovery and setting schedule

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO
DEPOSIT MONEY INTO COURT AND ENTER ORDER OF DISMISSAL**

**AND**

**PLAINTIFFS' MOTION AND REQUEST FOR THE COURT TO DENY
DEFENDANT'S MOTION AND TO ENTER A SCHEDULING ORDER**

Now come Plaintiffs, in response to Antero Resources Corporation's (hereinafter referred to as "Antero,") Motion to Deposit Money Into Court and for Entry of Satisfaction of Judgment and Dismissal (Doc. Id. 291), Plaintiffs respectfully request the Court to deny Defendant's motion. In support of this motion, Plaintiffs respond as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed this action on December 6, 2017, (*See* Doc. Id. 1-1), concerning Defendant's payment of natural gas royalties under several oil and gas leases focusing on wrongful deductions. From commencement of the action, Plaintiffs understood that Antero was processing their gas for natural gas liquids.  Plaintiffs were receiving royalty payments and remittance statements that showed that the gas produced under their leases was being processed for natural gas liquids ("NGLs"). Therefore, Plaintiffs proceeded with litigation and discovery with this understanding

1

and Defendants even produced their own data showing definitely that NGLs were being processed under the subject leases. The Defendant's financial data covered the period from April 2013, to August 2019. Further, on January 23, 2020, Antero produced a 30(b) corporate designee to testify in depth about the gas and NGLs processed under Plaintiffs' leases.

On March 15, 2020, Plaintiffs filed a request for Defendant to supplement its discovery in order for the Plaintiffs to receive Antero's accounting data and documents concerning the period after 2019. (*See* Doc. Id. 139.) In March 2020, after Plaintiffs filed their request for Defendant to supplement its discovery, Defendants surprisingly notified Plaintiffs for the first time that the Defendant had not been "processing" the gas produced under Plaintiffs' leases for NGLs. This declaration placed all of the litigation and discovery which had been conducted, as well as the accounting data produced by Antero and the 30(b)(6) testimony of Antero's corporate designee into question. Defendant also proclaimed that, since they had not been processing the gas, they did not owe Plaintiffs royalties for any NGLs. Naturally, there were major concerns raised among the Lessors as to how that had occurred and also why did Defendant cease processing their gas for NGLs.  Further, this occurred after the parties had essentially completed discovery and the trial date was getting close.

Plaintiffs, therefore, hurriedly undertook to accomplish some discovery with respect to the Defendant's position that Antero claimed that it was not processing the gas. Plaintiffs then requested the records which Defendant was relying upon which verified that Plaintiffs' gas was no longer being processed. Then, Defendant produced documents which Plaintiffs believed were suspect and, consequently, Plaintiffs requested depositions of Defendant.

Due to 2020 COVID restrictions and Plaintiffs' inability to get Antero's 30(b)(6) witness designated, Plaintiffs were unable to depose Defendants 30(b) designee until December 2020. (*See*

2

Doc. Ids. 168 and 171.) During this deposition, the same corporate designee who had previously testified in detail about the processing of Plaintiffs' gas for NGLs and the accounting data for the NGLs, testified that the accounting data previously produced was in error because someone had supposedly turned a valve which caused the gas to flow into the ETC Bobcat pipeline and then directly into the interstate pipeline without being processed for NGLs. Antero claimed that its office in Colorado did not know that the valve had been turned and did not know who would have made the decision not to process the Plaintiffs' gas for NGLs. Antero also admitted that the documents it produced to Plaintiffs trying to verify that the gas was not being processed was not a real record, but what the record would have looked like if it were real.  In other words, the record produced was not made and kept in the ordinary course of business but rather were documents specially created by Antero. (Doc. 181-6, Schopp Depo. excerpt.)  Also, the latter information was not provided to Plaintiffs initially.

Plaintiffs raised this issue in District Court and attempted to do discovery, but the Trial Court determined that it was a factual question and that it could not be decided at that time. (Doc. Id. 181). The Trial Court specifically stated:

> Several contested facts are material to the parties' dispute over damages, among which are whether Antero has extracted and sold NGLs from the Plaintiffs' gas since August 2018; whether the Plaintiffs' gas is marketable in its raw form; and, depending on the answers to these questions, whether Antero is liable for damages to the Plaintiffs based on the way it calculates its royalty payments. These genuine questions of material fact preclude summary judgment to either party.

(Doc Id. 242).  However, the Court granted summary judgment for the Plaintiffs on the issues of the applicability of the holdings in *Wellman* and *Tawney* and the failure of the Market Enhancement Clause to meet the heightened specificity required to permit post-production deductions under West Virginia law on May 12, 2021. (Doc. Id. 242). The Final Judgment Order was entered on May 25, 2021, for the purpose of allowing Antero to appeal the District Court's Memorandum

3

Opinion and Order and Granting in Part the Plaintiffs' Motion for Summary Judgment and Denying

Antero's Motion for Summary Judgment. (Doc. Id. 249). All of these issues are related solely to

natural gas and not NGLs.

Antero appealed the Trial Court's decision to the Fourth Circuit Court of Appeals. The

Fourth Circuit Court of Appeals acknowledged the Parties' dispute regarding which natural gas

products which Antero had produced and sold (*Corder v. Antero Res. Corp.,* 57 F.4th 384, 390-391

(4th Cir. 2023). The Fourth Circuit's Order left this issue open to be determined by the "factfinder"

on remand. *Id.,* 57 F.4th at 401.

## **DISCUSSION**

Defendant, in its motion, points out multiple times that Plaintiffs did not respond to its

proposal to pay money into Court. Of course, this Court ordered the parties to mediate the case,

which the parties did over a significant period of time. However, paying this money into the Court

does not resolve the issues left open by the Trial Court and Fourth Circuit. Plaintiffs are left without

knowing whether their gas was and is being processed for NGLs. It certainly looks like it was.

Antero has yet to produce any documents that verify that Plaintiffs' gas is not being processed after

Antero produced data that showed it was processing the gas. According to Antero, there is no

method to track Plaintiffs' gas after it enters the gathering system and there are no documents other

than volume statements to show that Plaintiffs' gas was not processed. However, there appears to

be nothing tying Plaintiffs' gas to the volume statements.

Defendant claims that the gathering system contains comingled gas from numerous wells

and each well loses its identity once it enters the gathering system. The volume statements

therefore, like Antero's made-up "example" documents, are useless and show nothing with regard

to the gas of the "Plaintiffs." Plaintiffs are left without knowing how Antero will be paying them going forward and what costs Antero is taking.

For a brief period of time in 2023 and 2024, long after Plaintiffs and the Court were advised that they were not processing the gas for NGLs, Plaintiffs counsels' staff discovered that while Antero claimed in its own statutory reporting that their gas was not being processed, they were reporting to the State that they were processing NGLs from November 2023, to February 2024. When confronted with this, Defendant stated there was a short period that they were processing the gas. Plaintiffs have received no updated gas analysis of the constituents of the NGLs in their gas for this time period of production.

Plaintiffs, therefore, request the Court to deny Defendant's motion to grant summary judgment and dismiss this case. Clearly, the District Court and the Fourth Circuit Court of Appeals identified factual issues to be dealt with after the appeal. Those issues include whether Plaintiffs' natural gas was in fact processed and the NGLs were processed and sold by Antero.

Plaintiffs, therefore, further move the Court to enter a Scheduling Order which allows for Plaintiffs to do discovery on these issues and any other issues that remain to be decided in this case.

**GERALD CORDER,** *et vir*.

By Counsel

*/s/ Marvin W. Masters*
West Virginia State Bar No. 2359
April D. Ferrebee
West Virginia State Bar No. 8034
The Masters Law Firm lc
181 Summers Street
Charleston, West Virginia  25301
Counsel for Plaintiffs
F:\5\1025\b075final.docx

5

## CERTIFICATE OF SERVICE

I, Marvin W. Masters, hereby certify that on May 15, 2025, I electronically filed "Plaintiffs' Response to Defendant's Motion to Deposit Money Into Court and Enter Order of Dismissal and Plaintiffs' Motion and Request for the Court to Deny Defendant's Motion and to Enter a Scheduling Order" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

W. Henry Lawrence
West Virginia State Bar No. 2156
Amy M. Smith
West Virginia State Bar No. 6454
Lauren K. Turner
West Virginia State Bar No. 11942
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, West Virginia  26330
hank.lawrence@steptoe-johnson.com
amy.smith@steptoe-johnson.com
lauren.turner@steptoe-johnson.com
*Counsel for Defendant*

/s/ *Marvin W. Masters*
West Virginia State Bar No. 2359

6